UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-26-01-F

| | | |
|---|---|---|
| FRANK ESQUIVEL, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on motion of petitioner, Frank Esquivel, for

"Leave to File Motion Pursuant to Rule 60(b) to Reopen Petitioner's § 2255." *See* [DE-94]. The

Certificate of Service indicates that Esquivel served the Government with his motion, but the

time within which the Government is required to respond has not expired. In the interest of

judicial economy, however, the court will carefully consider Esquivel's argument that he should

be permitted to pursue relief from this court's order of July 16, 2009 [DE-76].

I. Procedural Background

A. Plea

Esquivel pled guilty pursuant to a Memorandum of Plea Agreement [DE-29] to

the charge of conspiracy "to distribute and possess with the intent to distribute more than 50

grams of cocaine base, and 5 kilograms of cocaine." Indictment [DE-1], at p. 1. The terms of

the Plea Agreement were read in open court and the undersigned carefully questioned Esquivel

under oath to ensure Esquivel's understanding of the written agreement and its potential

consequences. *See* Arraignment Transcript ("AT") at pp. 19-24. Among the more pertinent

terms of the Plea Agreement were the following, and Esquivel specifically was questioned about

each of them:

2. The Defendant agrees:

\* \* \* \* \* \*

c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

\* \* \* \* \* \*

3. The Defendant understands, agrees, and admits:

\* \* \* \* \* \*

c. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

Plea Agreement [DE-29], at ¶ 3a; AT p. 22. The court advised Esquivel of the elements of the

charge to which he was pleading guilty, the fourth of which, as spelled out in the Plea

Agreement, was, "That the overall scope of the conspiracy involved *more than* 50 grams of

cocaine base and *more than* 5 kilograms cocaine." *Id.* at ¶ 3a (3) (emphasis added); *see also* AT,

at p. 18.

Esquivel was advised by the court at the outset of his April 25, 2005, arraignment

that his plea of guilty to Count One exposed him to a mandatory minimum term of 10 years and

a maximum term of life imprisonment. *See also id.* at ¶ 3 (a) (4) & (5) (adding the phrase,

2

("Based on more than 50 grams of cocaine base and 5 kilograms of cocaine)"). Esquivel stated under oath that he understood.

The Plea Agreement concluded with the following stipulations between the parties:

> 5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:
>
> a. A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1.
>
> b. The readily provable relevant quantity of the controlled substance to be used for the purpose of establishing the base offense level is more than 150 grams of cocaine base (crack), and more than 50 kilograms of cocaine.
>
> c. None of the factors listed in U.S.S.G. §§ 5K2.0 through 5K2.14 are applicable to warrant any upward or downward departure from the advisory Guideline range.

*Id.* at ¶¶ 5 (a) & (b); *see also* AT, at p. 23. After the Assistant United States Attorney read aloud in open court the essential terms of the Plea Agreement [DE-29], Esquivel admitted under oath that those terms correctly had been recited and that he understood and agreed to them, including that the drug amount he had agreed upon with the Government was not binding on the court. *See* AT, at p. 24. Esquivel's signature, along with the signatures of his two lawyers and the Assistant United States Attorney, appears on the last page of the Plea Agreement.

A Preliminary Order of Forfeiture was filed on July 29, 2005 [DE-34]. After preparation and review of the Presentence Report, a sentencing hearing was conducted on August 17, 2005. Esquivel's counsel submitted numerous objections to the Presentence Report, all but two of which were resolved with the Probation Office prior to sentencing. At the

3

sentencing hearing, the Government produced the case agent who testified in response to Esquivel's objections to the Presentence Report's calculation of his criminal history category and recommended drug quantity. Defense counsel conducted cross-examination and argued his objections. Based on defense counsel's objection and his argument to the extent it was supported by the case agent, the court determined the applicable drug quantity to be 300 kilograms rather than 322 kilograms of cocaine, although the lower drug quantity did not affect the advisory Guideline calculation. The court imposed a sentence of 264 months, followed by a five-year term of supervised release.

B. Appeal

A Final Order of Forfeiture was filed on December 27, 2005 [DE-47], and Esquivel's several motions seeking to avoid or rescind forfeiture were unsuccessful. *See* Order [DE-50]. Notwithstanding the terms of his Plea Agreement, Esquivel filed a Notice of Appeal of his sentence [DE-40], and of the forfeiture orders. *See* Motion [DE-51]. The two matters were consolidated on appeal by the Fourth Circuit Court of Appeals, which affirmed. *See United States v. Esquivel*, 232 Fed. App'x 319 (4th Cir. 2007). The appellate court found dispositive the fact that Esquivel had stipulated in his Plea Agreement " 'that the readily provable quantity of the controlled substance to be used for the purpose of establishing the base offense level is . . . more than 50 kilograms of cocaine,' "despite Esquivel's claim on appeal that he did not realize he could be sentenced based on a quantity *exceeding* 50 kilograms of cocaine. [1] *Id.*, slip op. at *1. The appellate court concluded that "[t]he record in this case does not support Esquivel's claim that he was confused about the consequences of his plea." *Id.*

---

[1]     Presumably, Esquivel understands that "300 kilograms" *are* "more than 50 kilograms."

4

C. § 2255 Motion

Esquivel filed a Motion to Vacate, Set Aside or Correct his Conviction and Sentence pursuant to 28 U.S.C. § 2255, [DE-62] on June 23, 2008. The Government responded with a Motion to Dismiss [DE-65], and Esquivel filed a Response [DE-70] thereto. This court's order of July 16, 2009, [DE-76] granted the Government's Motion to Dismiss and denied Esquivel's § 2255 motion, and Esquivel appealed. The Fourth Circuit dismissed the appeal, finding that Esquivel failed to demonstrate entitlement to a Certificate of Appealability. *See United States v. Esquivel*, 384 Fed. App'x 242 (4th Cir. 2010) [DE-91].

D. Rule 60(b) Motion

On July 27, 2011, Esquivel filed the instant "Rule 60(b) Motion to Reopen" [DE-94] his § 2255 petition. He contends the court should not deem this motion to be a successive § 2255 motion under *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003). It is a true Rule 60(b) motion, he contends, because it seeks relief necessitated by the court's failure to conduct an evidentiary hearing on his § 2255 motion, resulting in "a fundamental defect in the integrity of Petitioner's habeas proceedings." Therefore, he argues, this court's Order [DE-76] denying that motion was not a legal adjudication on the merits.

> Civil Rule 60(b) permits, but does not require, a court to
>
> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

5

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b), FED. R. CIV. P.

## II. Analysis

Esquivel has designated as his requested relief an order under Rule 60(b) "for leave of court to file motion to reopen" his § 2255 motion in light of a fundamental defect in his habeas proceedings, *to wit*, failure to conduct an evidentiary hearing. He contends Rule 60(b)(3) and (6) provide the legal vehicle for such an order. The merits of his § 2255 motion are not at issue; the court already has denied § 2255 relief on the merits for the reasons set forth in the Government's memorandum [DE-66].

The order [DE-76] that is the subject of Esquivel's Rule 60(b) motion recited the procedural background of his case to date, but it did not address each of Esquivel's § 2255 claims individually or analyze the legal principles applicable to those claims. No evidentiary hearing was conducted because the subject motion did not state a claim on which relief was available. Rather, the court thoroughly reviewed Esquivel's § 2255 motion [DE-62], the Government's Motion to Dismiss [DE-65], and Esquivel's Response thereto [DE-70], together with the record in light of the court's contemporaneous notes and independent recollection of this case. The court concluded that there was no need for an evidentiary hearing under these circumstances and no need to duplicate the correct analysis contained in the Government's Memorandum [DE-66].

Instead and in the interest of judicial economy, the court expressly adopted the rationale set out in the Government's Memorandum [DE-66], finding that it fully and accurately set forth the correct analysis of Esquivel's claims, starting with the proposition that Esquivel

6

had waived his right to collaterally attack his conviction or sentence on the grounds he raised. Although the Government attached defense counsel's affidavit to its Memorandum, the court had no need to consider the contents of that document in reaching its decision. Defense counsel's affidavit was in no way pertinent to whether or not Esquivel's § 2255 motion stated a viable claim under Rule 12(b)(6), FED. R. CIV. P.

The gravamen of Esquivel's § 2255 motion is that his guilty plea was not knowingly or voluntarily entered because his lawyers failed to fully explain to him that he might be held responsible at sentencing for a quantity of drugs in excess of the minimum amounts alleged in the Indictment and to which he stipulated in his Plea Agreement with the Government. The appellate court already had ruled Esquivel was "bound by his statements at the plea hearing," citing *Beck v. Angelone*, 261 F.3d 377, 395-96 (4th Cir. 2001), and that "[t]he record in this case does not support Esquivel's claim that he was confused about the consequences of his plea." *Esquivel*, 232 Fed. App'x 319, slip op. at *1.

The legal burden a petitioner must carry in order to prove ineffective assistance of counsel requires pleading and proof of two elements – substandard performance and resulting prejudice, *see Strickland v. Washington*, 466 U.S. 6687 (1984). A petitioner cannot demonstrate the second prong of the *Strickland* test if he failed to suffer legal prejudice as a consequence of having received unconstitutionally ineffective assistance of counsel. Here, the record plainly demonstrates that Esquivel was thoroughly and repeatedly advised by the court of his rights, the facts to which he was admitting, and the consequences thereof, and that Esquivel repeatedly confirmed under oath that he understood and agreed. Esquivel's claim now, as on direct appeal, that he suffered prejudice because he pled guilty based on misinformation or a lack of information from his attorneys, is belied by the record, which unequivocally demonstrates that he was thoroughly advised and exhaustively questioned under

7

oath by the court to ensure voluntariness. Esquivel did not suffer legal "prejudice" as required by *Strickland*, even if his lawyers' performance fell below the applicable standard, because Esquivel repeatedly was advised – and swore that he understood – he could receive a sentence up to life imprisonment, and that the court was not bound by any agreement he had entered with the Government.

The court questioned Esquivel closely on the terms of the Plea Agreement after the Assistant United States Attorney had read the material portions aloud in open court. Esquivel stated under oath he understood that he could receive the maximum sentence even if he expected less, and that any agreement he reached with the Government commemorated in his Plea Agreement was *not binding on the court*. Before accepting Esquivel's plea of guilty, the court was satisfied and found for the record that Esquivel was entering into that plea knowingly, intelligently, and voluntarily. Esquivel was given more than one opportunity to ask questions directly of the court or to express dissatisfaction with his attorneys; he did neither. The argument Esquivel advanced in his § 2255 motion is directly contradicted by the sworn answers he gave under oath in response to the court's questions during his arraignment and contained in the written record of this case.

In short, Esquivel raised no claim in his § 2255 motion that necessitated an evidentiary hearing in light of the record in this case. Esquivel's dissatisfaction with his sentence, which fell within the advisory Guidelines range applicable to the drug quantity he admitted, constitutes the real gravamen of his complaint, notwithstanding his couching it in terms of "ineffective assistance of counsel" in an effort to avoid the effect of his waiver. The Fourth Circuit Court of Appeals specifically rejected Esquivel's contention on appeal that his guilty plea was involuntary because he did not realize he could be sentenced for more than the stipulated readily provable quantity of 50 kilograms of cocaine. He may not revisit that

8

determination simply by ignoring the words "*more than*" in his Indictment and Memorandum of Plea Agreement.

### III. Conclusion

Esquivel's Rule 60(b) [DE-94] "Motion to Reopen § 2255" is DENIED. The court found that his § 2255 motion did not state a viable claim, based on the record, and no ground existed for an evidentiary hearing. The record on its face reveals that he was sentenced within the strictures of *Strickland v. Washington*, 466 U.S. 668 (1984) (constitutional requirements for effective assistance of counsel); *United States v. Booker*, 543 U.S. 220 (2005) (constitutional standards in federal sentencing), and their progeny.

SO ORDERED.

This, the _6_ day of August, 2011.

JAMES C. FOX
Senior United States District Judge

9