IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-00026-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| FRANK ESQUIVEL, | ) | |
| Defendant. | ) | |

This matter is before the court on Frank Esquivel's Motion to Clarify Judgment [DE-130]. In his motion, Esquivel seeks: (1) clarification regarding this court's orders of forfeiture, and (2) an order directing the Bureau of Prisons to cease taking money out of his account through the Inmate Financial Responsibility Program ("IFRP").

To the extent Esquivel is seeking clarification of this court's forfeiture orders, the court will go through these orders. Incorporated into the court's Judgment was the July 29, 2005 Preliminary Order of Forfeiture and the August 2, 2005 Judgment on Forfeiture. *See* Judgment [DE-38] at 6. The July 29, 2005 Preliminary Order of Forfeiture [DE-34] provides for the forfeiture of $1,500,000.00 in U.S. currency and a substitute asset of real property located at 710 Wakeland Drive, Garner, North Carolina. The August 2, 2005 Judgment on Forfeiture [DE-36] provides that judgment is entered against Esquivel in the amount of $1,500,000.00 and interest shall accrue at the rate of 3.68%.

Having clarified this court's forfeiture orders, the court will now address Esquivel's request that this court enter an order directing the Bureau of Prisons to cease taking money out of his account through the IFRP. Because the IFRP is a program which is administered by the Bureau of Prisons, a defendant making such a challenge must first exhaust his administrative

remedies. *See Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that "the Bureau of Prisons should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts." (quotation omitted)). Esquivel's motion must be denied because he does not indicate that he has exhausted his administrative remedies.

In light of the foregoing, Esquivel's Motion to Clarify Judgment [DE-130] is ALLOWED in part and DENIED in part. The motion is ALLOWED to the extent that Esquivel is seeking clarification of this court's forfeiture orders and is DENIED to the extent that Esquivel is requesting an order directing the Bureau of Prisons to cease taking money out of his account through the IFRP.

SO ORDERED.

This, the _5th_ day of October, 2014.

_____
JAMES C. FOX
Senior United States District Judge