IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-00026-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK ESQUIVEL, | ) | |
| Defendant. | ) | |

This matter is before the court on Frank Esquivel's *pro se* Motion to Remit or Mitigate Forfeiture [DE-168]. Esquivel claims that his financial situation is not expected to change, and he cannot possibly satisfy a $1,5000,000.00 forfeiture judgment in his lifetime. *Id.* at 8. Esquivel requests that this court remit or mitigate the forfeiture to the amounts that have already been paid. *Id.*

## I. Background

Esquivel pled guilty and was sentenced by this court on August 17, 2005. Incorporated into the court's Judgment was the July 29, 2005 Preliminary Order of Forfeiture and the August 2, 2005 Judgment on Forfeiture. *See* Judgment [DE-38] at 6. The July 29, 2005 Preliminary Order of Forfeiture [DE-34] provided for the forfeiture of $1,500,000.00 in U.S. currency and a substitute asset of real property located at 710 Wakeland Drive, Garner, North Carolina. The August 2, 2005 Judgment on Forfeiture [DE-36] provided that judgment is entered against Esquivel in the amount of $1,500,000.00 and post-judgment interest shall accrue at the rate of 3.68%. In an order entered on December 27, 2005, the Final Order of Forfeiture [DE-47], all claims to the real property were

resolved, and the property was sold by the United States Marshal with the net proceeds deposited in the United States Department of Justice's Asset Forfeiture Fund.[1]

## II. Discussion

Esquivel's motion challenges the implementation of the criminal forfeiture portion of his sentence, so this court construes the motion as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Martin*, 662 F.3d 301, 306-07 (4th Cir. 2011) (noting that "[c]riminal forfeiture is part of a defendant's sentence"); *Unites States v. Gripper*, 224 F. App'x 219, 220 (4th Cir. 2007) (concluding that a motion challenging the implementation of a defendant's sentence should be construed as a petition for habeas corpus relief). A § 2241 petition must be brought in the district in which the petitioner is incarcerated. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Esquivel is confined at Estill FCI in Estill, South Carolina. BOP Inmate Locator https://www.bop.gov/inmateloc/ (last visited Jan. 31, 2017).

## III. Conclusion

In light of the foregoing, Esquivel's *pro se* Motion to Remit or Mitigate Forfeiture [DE-168] is DENIED without prejudice to him to re-file in the district where he is confined.

SO ORDERED.

This, the ___1___ day of February, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] Because the real property was an asset forfeited in substitution for a portion of the unavailable gross proceeds of the offense, it will reduce the amount owed to the Government, and Esquivel will be given credit for its collection.

2