IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-26-1-BO

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| FRANK ESQUIVEL ) | |
| ) | |

This matter is before the Court on defendant's pro se motion to modify restitution payment schedule [DE 172]. For the reasons stated herein, the motion is denied without prejudice.

## BACKGROUND

Defendant is currently serving a term of 264 months' imprisonment after having pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base and five kilograms of cocaine. [DE 38]; 21 U.S.C. § 846. Incorporated into defendant's judgment entered August 17, 2005, was a preliminary order of forfeiture providing for forfeiture of $1,500,000.00 and a substitute asset of real property located in Garner, North Carolina. On December 27, 2005, a final order of forfeiture was entered forfeiting the real property to the United States and ordering the United States to dispose of the property according to law. [DE 47]. Defendant has previously petitioned this Court to remit or mitigate the forfeiture to the amounts already paid, which the Court dismissed finding that it was a challenge to the implementation of defendant's sentence and must be filed in the district in which defendant was incarcerated. [DE 171].

## DISCUSSION

In the instant motion, defendant asks the Court to establish a quarterly payment plan of $25.00 toward his forfeiture judgment. By requesting a change or reduction to the amount

defendant pays on his criminal judgment through the Inmate Financial Responsibility Program administered by the Bureau of Prisons, defendant is once again challenging the execution of his sentence, which is properly construed as a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011); *United States v. Gripper*, 224 Fed. App'x 219, 220 (4th Cir. 2007). A petition under § 2241 must be brought in the district in which the petitioner is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). The envelope in which defendant mailed the instant motion shows a return address of FCI Estill in South Carolina, [DE 172-1], and defendant is currently confined at FCI Coleman in Sumterville, Florida. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited September 19, 2017). As it appears that defendant was not confined in this district when he filed his motion, the Court dismisses it without prejudice so that defendant may refile it in the appropriate court.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 172] is DENIED without prejudice.

SO ORDERED, this **20** day of September, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE